All right, I will call the next case. It's Jones v. Brown, No. 24-1442. Council, Mr. Barrett, you may proceed. May it please the Court. Your Honors, I would respectfully like to request three minutes for rebuttal. This is a textbook application of qualified immunity to prison officials. The issue here is whether there is an exception to it. Yvette Brown and Christy Moore respectfully request reversal of the District Court's order denying qualified immunity to them. I will address three reasons why this Court should reverse. First, qualified immunity applies to Yvette Brown because Bernard Jones' underlying federal habeas claim was frivolous and therefore cannot support an actual injury as a matter of law. Second, qualified immunity applies to Christy Moore because transferring Jones at the direction of her supervisor did not violate clearly established law. And the District Court's determinations on Moore's knowledge of grievances are blatantly contradicted by the record. Third, this Court has jurisdiction because this appeal presents abstract questions of law. Turning to my first point, the black letter law in this jurisdiction states that the plaintiff is the one who bears the burden of persuasion on qualified immunity, which is unlike most affirmative defenses. When a defendant asserts qualified immunity, the plaintiff bears a heavy two-part burden to show, first, that the defendant violated their federal constitutional or statutory right, and second, that the right was clearly established at the time of the violation in the circumstances faced by the defendant. Yvette Brown is entitled to qualified immunity on the first prong, that Jones could not establish a constitutional violation occurred because he cannot demonstrate an actual injury to sustain his denial of access to court's claim. In his proposed petition for writ of certiorari, Jones asserted an ineffective assistance of counsel claim requesting federal habeas relief because of how his attorney handled by-mark evidence. This claim was frivolous. Importantly, Mr. Jones has declined to address the element of his trial counsel's deficient performance throughout this litigation despite multiple opportunities to do so when Brown explicitly raised the issue. Because of this, he has waived the argument. What do you mean by that element? Are we talking about the frivolousness element of access to court's claim? We're talking about the frivolousness of his ineffective assistance of counsel claim that was in his proposed petition that he claims he was denied from filing. Okay, and your argument is that they haven't addressed that? Correct, throughout this litigation below or in this appeal. All right. Let's set that aside for the time being. I understand your argument. But in terms of determining whether there was a frivolous or non-frivolous argument, wouldn't that require analysis of the contents of Mr. Jones's cert petition, the cert petition that didn't get filed? Correct, Your Honor. And that is in the record, as are the underlying state post-conviction proceedings and the federal habeas proceeding. I know those are, too. But in terms of actually deciding whether the petition itself had a frivolous or non-frivolous argument, it's really a matter of looking at that petition, isn't it? Correct, Your Honor. All right. And that's what the Supreme Court would have done if it had been filed. I mean, that's what the Supreme Court would have looked at. Correct, Your Honor. All right. So would that be like, for example, a review of a complaint under 28 U.S.C. 1915 to determine whether a complaint is frivolous? Is it akin to that kind of analysis? It is close, Your Honor. It would be a frivolousness similar to 28 U.S.C. 1915, but also in the context of a federal habeas claim, which requires heightened standards for proving a claim. I guess because of ADPA? Is that what? Yes, because of the Anti-Terrorism and Effective Death Penalty Act of 1996. And especially for – I'm sorry, Your Honor. I did not mean to interrupt you. Oh, no. In fact, I'm sorry. I think I interrupted you, but – well, I'll throw a question in and you can go from there. The cert petition argues that the state court prevented him from presenting evidence on ineffective assistance from Dr. Dial, who was the defense's retained expert about counsel's failure to provide him with all the bite mark evidence. That may not have been a winning argument, but is it a non-frivolous argument? It is a frivolous argument, Your Honor, because there is no way for Mr. Jones to maintain that the state court's decision was so unreasonable that it lacked justification and there was no possibility for disagreement. This is a high standard, and his argument under Broomfield that he was prevented from presenting this claim is frivolous for several reasons. First of all – Well, I didn't ask about the Broomfield. I asked just about Dr. Dial. He said, look, I didn't get a chance to bring in this expert in the post-conviction state court proceedings, and that goes to whether my counsel was deficient or not. So that's why the Tenth Circuit should have given me a COA. Now, again, I'm not saying that that's necessarily a winning argument, but why isn't it non-frivolous? I mean, what is it that makes something frivolous? It is frivolous because it really lacks an arguable basis or any merit whatsoever here, and this is in the context of his argument that he didn't get to present evidence that his conviction based off of the bite mark for his sexual assault was junk science or that he didn't get to present all of the bite mark evidence. But regarding the junk science argument, the state courts determined that he did not timely present this, so he procedurally defaulted that, and on the federal level, at the level before the Supreme Court, he actually abandoned that argument. He didn't present it when requesting his certificate. But that isn't why he wanted to call Dr. Dial. It wasn't to challenge the science itself. It was to call Dr. Dial because Dr. Dial, we have a letter from him in the record that says, I didn't get everything that I could have used to evaluate the evidence. So it seems like the junk science is a separate argument from that. You're right, Your Honor. It is a second argument, but it is related. As far as Dr. Dial claiming he didn't get all of the evidence, that relates to his counsel's ineffectiveness. Alleged ineffectiveness. And he was able to present at the evidentiary hearing several pieces of evidence regarding his allegations that counsel was ineffective, including a report from another expert, Dr. Cardozo, that determined that under his evaluation, Mr. Jones would not have had the bite mark consistent with what the prosecution's expert testified. But importantly, his counsel obtained admissions on cross-examination that the bite mark may or may not have been from Jones. And the Colorado Court of Appeals decision was not only consistent, but correct on clearly established Supreme Court law under Harrington v. Richter and Strickland v. Washington, that even if you take his argument that he did not properly, that he did not present an expert on this, trial counsel's strategy was still reasonable and the court's review on federal habeas claims is doubly deferential because it must show that the Colorado Court of Appeals made an unreasonable determination on whether or not his counsel was deficient and that the Colorado Court of Appeals holding that under the circumstances his trial counsel's performance was not deficient was so unreasonable that there's no possibility for fair-minded disagreement. Now, let me see if I'm following you here. Your position is Dr. Dial, Dr. Cardozo, no doctors of any kind, it doesn't matter because the Colorado courts found after a hearing that his counsel had acted effectively with effective cross-examination, obtaining admissions that this might not have been him. So therefore, because that's not an unreasonable application of federal law, he loses. Correct, and that he had no chance of success. And also, his counsel sought two requests for extension of time to get more testing from Dr. Dial, which the Colorado Court of Appeals also found and was denied from doing so. I want to circle back to one of my initial questions to you, though, because now you're arguing based on materials in the record about what happened in the Colorado courts, at post-conviction hearings and at the Colorado Court of Appeals and so forth, and you have to go back and look at all that. But the cert petition that was to be filed with the Supreme Court, the Supreme Court's only going to look at that cert petition. And a lot of that that you're arguing, they wouldn't have the benefit of that. So the question of whether the cert petition was frivolous is really dependent, isn't it, just on what's in the cert petition? I don't necessarily agree with that, Your Honor, because, again, the state court records and the federal habeas records are public, and he's required to preserve those arguments below. Does the Supreme Court, do Supreme Court justices and their clerks go digging into records to determine whether the cert petition has any validity? I don't have any personal knowledge of that, Your Honor. That's why I asked you about the 1915, just look at the complaint. I mean, that determination is just based on looking at the face of the complaint, and is it frivolous or is it not frivolous? Why wouldn't that same analysis apply to the cert petition? And even if it does, Your Honor, it is still frivolous because, as I just mentioned, Mr. Jones cannot show that the determinations by the Colorado Court of Appeals or the underlying federal of the Colorado Court of Appeals were unreasonable or that the intent that this court that already rejected those claims was unreasonable. Let me ask you this. When the habeas district court denied the initial 2254 petition, it granted informal apoperous status to Mr. Jones for his appeal to the Tenth Circuit. Why wasn't that a recognition that his arguments were not frivolous? I mean, if the arguments were frivolous, you wouldn't grant IFP status. I mean, the district court itself that looked at all of this is, in effect, saying that this is not a frivolous argument. Well, Your Honor, we have to go from the district court to this court, then to the Supreme Court, and his argument was to the Supreme Court, and his arguments at the Supreme Court were frivolous on his ineffective assistance of counsel. Are his arguments to the Supreme Court any different than they were in the district court? In some ways, Your Honor, they were certainly much more narrow, and he had many more claims at the district court than he did that he submitted to the Supreme Court. And if Your Honor will allow me, I'd like to transition to my second point, which is about Christy Moore, because the clearly established law issue here is dispositive. There is no clearly established law in this jurisdiction that shows that her conduct engaged in retaliation when she acted at the direction of her supervisor. Again, Mr. Jones is the one who has the burden of establishing that Christy Moore violated clearly established law, and the district court made some errors in its analysis. And first, it wholly failed to state the law that it found to be clearly established in the qualified immunity analysis. And none of the cases cited by the district court or by Mr. Jones in his briefing provided a prison official who processes an inmate's transfer at the direction of their supervisor is liable for retaliation. And because of this lack of clearly established law, the district court incorrectly denied qualified immunity to Christy Moore. Well, I mean, the district court thought there were other facts relevant to that analysis other than just my supervisor told me, right? There were things about knowledge of grievances, meetings that occurred, maybe surreptitious acts that were happening behind the scenes that led to this, not just that her supervisor told her. Your Honor, with respect to Christy Moore, there were no other surreptitious meetings. There was only one conversation between her and her supervisor, Jim Moore, who's no relation. And Jim Moore is the one who directed her to transfer Jones. And even if Christy Moore is more the one who had the shifting explanation of why he was transferred. Arguably shift. I won't ask you to admit that it's been argued that she did. Christy Moore is the case manager three who processed the Mr. Jones's transfer. And I see my time is up. But if I may address your question, your honor. Christy Moore is the case manager three that transferred Mr. Jones. And she her explanation was that her supervisor, Jim Moore, directed her to transfer Jones because he made the law librarians uncomfortable. And because they wanted to find him a new a new change of scenery. And it was also revealed in discovery that Associate Warden Matt Wyndon is the one who directed Jim Moore to have Mr. Jones transferred. And I want to make the important point, your honors, that there have been some cases in this jurisdiction that make the law not clearly established here. Even if Christy Moore knew about the grievances, this court stated in Trench versus Oklahoma that it has never held in the First Amendment retaliation context that true subordinate employees can be liable for retaliation. And it also stated in an unpublished opinion in 2017, Muhammad versus Hall, that this court has not yet decided whether a subordinate employee can be liable for First Amendment retaliation when taking orders from their supervisor, whether or not they knew of the alleged retaliatory motive. So, at this time, I see my time is up, your honor. If I may, I'd like to have a little bit of time for rebuttal, but thank you very much. Okay, well, we'll see where we are after Ms. Anderson has presented her argument and we'll turn it over to you, Ms. Anderson. Thank you, your honor. Annie Anderson on behalf of Appali Bernard Jones and may it please the court. Appellants seek to expand the Tenth Circuit's jurisdiction by asking for an automatic review of every denial of qualified immunity, even where, as here, the denial is based on re-litigating well-supported and clearly articulated findings of fact by the district court. And all of this is to distract from the fact that what appellants are truly asking for in this case is for this court to find that a prison official can retaliate against an inmate for exercising constitutional rights and that a prison law librarian can be the gatekeeper to an inmate's constitutionally guaranteed right to access the courts. But there's no dispute that both the right to access the courts and the right to be free from retaliation are clearly established constitutional rights and the district court here found that there were sufficient facts on which a jury could find such violations. Now there's two issues on this appeal. The first is the Tenth Circuit does not have jurisdiction to hear the appeal of either Yvette Brown or Christy Moore on the denial of qualified immunity. The Tenth Circuit has specifically requested argument on this question of jurisdiction, perhaps recognizing that although appellants attempt to frame their argument as being based on legal errors, the arguments are in fact based on trying to re-weigh the well-supported factual findings of the district court. The Supreme Court held in Johnson v. Jones that questions such as this of the sufficiency of the evidence are not reviewable on appeal. And the Tenth Circuit has made clear that jurisdiction is proper only where an appellant starts from the proposition of accepting the district court's fact findings as true and then alleging legal errors. What about the question, what about the district court's determination that he was seeking a basically a good faith change in the law and that it was not a frivolous claim? Is that a finding of fact or is that a legal conclusion? And so here, although appellants attempt to frame this as a legal conclusion about what frivolity is, they're not actually challenging what frivolity means. They're challenging the findings of fact of the underlying petition. And although the facts of the underlying petition are dressed up as legal issues on habeas corpus review, it's really questions of fact that are just dressed up as legal arguments. But the issue here is not the standards of habeas corpus petition. And the district court in this case cited law which held Lewis v. Casey, the U.S. Supreme Court case, and Simkins v. Bruce, and Leek v. Androsky, where there's not a requirement to show likelihood of success on the merits. The question here is frivolity. And frivolity is not equivalent of success on the merits. But is frivolity a legal determination? Although frivolity is a mixed question of law and fact. I mean, frivolity does depend on findings here. And here the district court found that there were questions of fact that led to a conclusion that this was not a frivolous petition. Like what? So there were findings that Mr. Jones had the right to file a petition for writ of certiorari. That is undisputed. That's something that appellants do not dispute. That doesn't have anything to do with frivolity though. So in Lewis v. Casey, the Supreme Court did say that frivolity can be interference with the right to file a complaint. And in Simkins v. Bruce, this court held that the interference with the right to file a response to a motion for summary judgment, regardless of the merits of the motion for summary judgment response, were denials of access to court. Counsel, counsel, could we just could we just back up and talk about Mr. Jones's claim against Ms. Brown on access to courts? And I understand your argument on interlocutory appeal. Our jurisdiction is limited. But let's let's talk about that in the context of limited jurisdiction. So to overcome qualified immunity at summary judgment, didn't Mr. Jones have the burden to show an access to courts constitutional violation? Prong one.  How did he do that? Mr. Jones did this by setting forth clearly established law that shows what the standard is. Well, no, no, I'm not talking about clearly established law. I'm just saying, how did he show? Well, let's put it this way. How did he show that his cert petition presented a non frivolous argument? And so I think that there are various facts that go into this question. And some of them are what I started started to list the fact that he had a right to file the petition on May 16th, 2019, that the petition was all but finished, except for needing to add page numbers and be printed. I asked you about the contents of the cert petition, not whether he had a right to file it or whether he prepared it or any of those things, just the question of whether the cert petition itself presented a non frivolous argument. Now, did it or didn't it? And did you show that in district court? Yes, your honor. And I appreciate the question. And I understand that there are some differences in the fact question. Also, the arguable legal merits. Let's just go to the question. Go ahead and respond to the question. And in the district court, Mr. Jones did make an argument that there was arguable legal merit on the basis of the Broomfield argument. It also we also did make the argument that the petition itself was non frivolous as a general matter. Ultimately, also, as the court. Well, OK, that isn't going to work. It lets you say why you can't say it's non frivolous as a general matter. What was the non frivolous argument? Now, you mentioned Broomfield. Let me ask you this. Did did Mr. Jones in district court on qualified immunity point to anything in the cert petition that had to do with Dr. Because because counsel, quite frankly, Dr. Diles mentioned multiple times in that cert petition over 20 times. And he's not mentioned once in your brief and he wasn't mentioned in district court. And so my question is, if that's your argument, why didn't you make it? And your honor, you are correct that we did not make an argument as to Dr. Dyle. Isn't that the Brum? What is the Brumfield argument then? I mean, the Brumfield argument is that he didn't get to present evidence in the in the post conviction hearing. What evidence didn't he get to present? I know what it is, the evidence of Dr. Dyle. Yeah, but you don't know. You never you never argued that to the district court. But the district court or in your appellate brief. Now, I know you're the appellee, but but but but why didn't you fail to make your your the burden on qualified immunity in district court? And your honor, I think not to bypass the question, but I do think that there is something to be said about under the law. What is required for frivolity is not to get into every single argument that could have been made that the Supreme Court. I'm just asking you to identify one argument that was made because don't we have I mean, there are two elements to this claim. One was whether he was interfered with and the district court determined that there was a question of fact there. So you don't have to. That's not contested at this point. But what is contested is whether there was injury and whether there was injury depends on whether the claim was frivolous. And that's where we are was was the was the cert petition. How did you show that the cert petition was not frivolous? And respectfully, your honor, I understand that the court believes that what is required for a showing of frivolity is the actual merits of the underlying petition. But part of how we show that it was not frivolous was by showing that he had the right to file a petition and that what was prevented was his. So the Supreme Court in Louis v. Casey said that an access to court claim requires that a non frivolous claim has had been frustrated or was being impeded needs to be a non frivolous claim that was impeded. And you're arguing that, well, if he was impeded, it doesn't matter whether the claim was frivolous or not. How do you square that with the Supreme Court case? And I think that the Supreme Court case addresses this when it does leave open the door. It didn't address it directly in Louis v. Casey, but it did say interference with the right to file a complaint can be a non frivolous actual injury. In Simkins v. Bruce, this court did not require that the plaintiff show what arguments he would have made in response to a motion for summary judgment because the fact of the interference with the right is an actual injury. This is not like other cases where we need to dive into all of the merits of the underlying petition because of the fact that there is an actual injury that's non frivolous. So let's just be clear then. I take it your position is that once the library was closed on the filing deadline, that's it. There was an access to courts violation. I think it was when the library was closed and when, as Mr. Jones testified, he tried to access the law library via a phone call and was not given any alternative access, even though there are options available under the prison's own regulations. And somehow that shows that his claim was non frivolous. I think that there is case law to support that. Nonetheless, to go back, we did make the argument that Broomfield v. Cain opens the door for the Supreme Court to allow additional fact finding. And while I do recognize that we did not cite to Dr. Dial specifically, that is implicit in the argument and appellants made various arguments about the petition. It seems like Mr. Jones made the argument a lot in a much more robust way than you did in the district court here. And I will concede that he may have made a more robust finding, but that's because it was a petition for writ of certiorari on a habeas corpus petition. Well, now you've got a 1983 civil rights claim where you're making the same argument. Well, it is, and I, you know, it is somewhat the same argument, but it is also a slightly different argument because the standards for frivolity are not the same as the standards for success on a habeas corpus petition. What do you think about this? Sometimes when we're looking at a COA, or actually when we're looking at a COA, we decide whether an issue is debatable among jurists of reason. If a court decides that an issue is not debatable, is that basically the same as finding there's no non-frivolous issue? I think that that is right, Your Honor. I think that debatable and non-frivolous are really ultimately the same thing. Like, if there's actually some arguable legal merit, if it's arguable, if it's debatable, it cannot be frivolous. And the district court here did make a clear finding that this was at least debatable legally, and that was in response to... ...or one of the other claims. We don't know that, do we? Well, I mean, the underlying courts didn't hold it was frivolous on any arguments. I mean, granted in form of habeas corpus, yes, we don't know exactly what that is. But again, those are questions of fact that appellants argued to the district court that the district court found were not dispositive on the issue of frivolity. Now, Your Honor, I would like to turn to jurisdiction as to Christy Moore. And if you have more questions on Yvette Brown, I'm happy to answer them, but otherwise I'd like to turn to the retaliation claim. Christy Moore was the Colorado Department of Corrections Internal Classification Committee chairwoman who was responsible for transferring inmates. From Fremont Correctional Facility where Mr. Jones was housed. Mr. Jones set forth facts that Ms. Moore participated in Mr. Jones' transfer, that she drafted the transfer paperwork, that she wrote on the transfer paperwork, that Mr. Jones needed a change of scenery because he was harassing the law librarians, and that she actually initiated the transfer. Appellants claim that there is an issue of the district court not identifying the clearly established constitutional right that was violated. But the district court here did cite numerous cases which have held that the First Amendment prohibits retaliation for exercising constitutional rights. And appellants claim that there's case law on which there's a question of whether a subordinate truly participated when they're following orders. That's a question of fact that the district court rejected. It found that there were disputed facts as to Christy Moore's knowledge and specifically on the issue of Mr. Jones' grievances. Now, Your Honors, I see my time is up. I would just like to ask for an opportunity to sum up, unless there are any questions. Why don't you go ahead and sum up? And we gave Mr. Barrett a little extra time too. So let's go ahead and sum up. Now, Mr. Jones deserves his day in court, and that's because the district court concluded that a jury should be the one to decide if Mr. Jones was retaliated against and if Mr. Jones was denied access to courts. Appellants want a law librarian to be the one to decide who deserves access to courts. But such an argument should not stand, and Mr. Jones deserves his day in court. Thus, we request the Tenth Circuit uphold the district court's denial of qualified immunity as to both Yvette Brown and Christy Moore and allow the case to proceed to trial. Thank you. Thank you, counsel. I think we pretty much given it both sides equal time on this. So I think we're going to bring this to closure. Appreciate both of your arguments this morning. The case will be submitted and counsel are excused. Thank you. Thank you, Your Honor.